# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

```
IN RE
JONATHAN I. & ALANNA D. SWIATKOWSKI      : Chapter 13 Case No. 09-00168

            Debtors                      : Section 341 Meeting: 04/06/09
                                         : Confirmation Hearing: 07/17/09
```

**TRUSTEE'S OBJECTION TO CONFIRMATION OF THE**
**PLAN FILED MAY 14, 2009**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned estate, and having reviewed the proposed plan, along with the Proofs of Claims filed to date, and having conducted an examination of the debtors, under oath, at the Meeting of Creditors pursuant to 11 U.S.C. §341(a) on the above-captioned date, represents to this Honorable Court that said proposed plan fails to comply with the provisions of 11 U.S.C. §1325; and therefore, the Trustee objects to confirmation. In support thereof, the Trustee makes the following representations:

1. Within the preceding 180 days, the debtors have not had a prior case dismissed, either by the Court for willful failure to obey Court orders or to appear before the Court, or voluntarily in response to the filing of a request for relief from stay, and is therefore not barred from being debtors under 11 U.S.C. §109(g).

2. The pre-petition scheduled annualized current monthly §101(10A) income of $124,586.00 **is greater than** the applicable median family income of $70,035.00.

3. The debtors have met the burden of proving that there is regular and stable income sufficient to make plan payments, as required by 11 U.S.C. §101(30). The 03/09 verified joint monthly income is $10,711.00, the amount reasonably necessary to be expended in accordance with §707(b)(2) expenses is $9,425.00

(which excludes post-petition payments for Specialized Loan), and the disposable income available for plan payments is $1,286.00. The proposed monthly plan payments are $375.00 per month for 60 months with total minimum funding of $22,500.00. The Trustee therefore contends that the debtors have met the burden of proving that the proposed plan is feasible but fails to meet the projected disposable income test of 11 U.S.C. §1325(b)(1)(B) in regard to payments to unsecured creditors under the plan during the applicable 5-year commitment period of 11 U.S.C. §1325(b)(4)(A)(ii).

4. The debtors have commenced plan payments on May 4, 2009.

5. The proposed total minimum of $22,500.00 is insufficient to pay pre-petition arrears of $6,000.00 approximately to Aurora (1PR) and 100% plus 6% post-confirmation interest per annum on all remaining allowed secured claims and excluding the 11 U.S.C. §1322(b)(5) claims or allowed secured claims of Specialized Loan (2PR) and of Toyota Motor (MV) and 100% plus 6% post-confirmation interest per annum on priority claims and the requisite minimum distribution on general unsecured claims.

6. The debtors have testified consistent with schedules that there are no §101(14A) domestic support obligations.

7. The debtors have complied with 11 U.S.C. §521(e)(2)(A)(i) by filing all required §1308 pre-petition tax returns.

8. The debtors have met the burden of proving that the proposed variable rate plan with interest on priority claims meets the liquidation test of 11 U.S.C. §1325(a)(4). The debtors have joint interest in principal residence with scheduled value of

$360,000.00 which is consistent with a 2005 appraisal of $360,000.00 and a current tax assessment value of $366,630.00 and subject to two scheduled deeds of trust in the total approximate amount of $432,527.00. Based on debtors' testimony and schedules including unscheduled net accrued income, liquidation value is 100% for priority claims and, in the absence thereof, approximately 8% for general unsecured claims.

WHEREFORE, the Trustee objects to confirmation of the plan filed on May 14, 2009.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC  20016-4623

**Certificate of Service**

I hereby certify that a copy of the foregoing Trustee's Objection was mailed, postage prepaid, May 15, 2009, to:

Christopher R. Wampler
11300 Rockville Pike #1015
Rockville, MD  20852

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas