**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE
JONATHAN I. & ALANNA D. SWIATKOWSKI                           : Chapter 13 Case No.:  09-00168
    Debtors                                                                                             :

**ORDER CONFIRMING PLAN FILED MAY 14, 2009 AS ORALLY MODIFIED IN OPEN COURT ON SEPTEMBER 25, 2009**

    The debtors' plan filed herein on **May 14, 2009**, having been transmitted to all scheduled creditors;
    It having been determined at the confirmation hearing on **September 25, 2009**;
    1. That the debtors' plan filed herein on **May 14, 2009 as orally modified to provide for minimum of $375.00 per month for 12 months then a minimum of $535.00 per month for remaining 48 months with total minimum funding of $30,180.00,** (hereinafter, the "Plan"), complies with the provisions of Chapter 13 of Title 11, U.S. Code, and with the other applicable provisions of Title 11;
    2. That the fee, charge or amount required under Chapter 123 of Title 28, U.S. Code, or by the Plan, to be paid before confirmation, has been paid;
    3. That the Plan has been proposed in good faith and not by any means forbidden by law;
    4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors were liquidated under Chapter 7 of Title 11 on such date;
    5. That each holder of an allowed secured claim provided for by the Plan has accepted the Plan; or that the Plan provides that each holder of an allowed secured claim shall retain its lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under §1328 and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of  such claim is not less than the allowed amount of such claim and if property to be distributed is in the form of periodic payments, such payments shall be in equal monthly amounts and if the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or the debtors surrender the property securing such claims to each such holder;
    6. That the debtors will be able to make all payments under the Plan and to comply with the Plan;
    7. That the action of the debtors in filing the petition was in good faith;

    8. That the debtors have paid all amounts that are required to be paid under a domestic support obligation.

    9. That the debtors have filed all applicable Federal, State, and local tax returns as required by §1308.

    10. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount of such claim or that the debtor has committed the projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan and will be applied to make payments to unsecured creditors under the plan, and it is therefore,

    ORDERED, that the debtors' plan is hereby <u>CONFIRMED</u>, and it is further,

    ORDERED, that the debtors continue to turn over, either directly or through debtor's employer/income source, to the Trustee, Cynthia A. Niklas, Esquire, of 4545 42nd Street, NW, Suite 211, WDC 20016, the minimum sum of **$375.00 per month for 12 months then a minimum of $535.00 per month for remaining 48 months with total minimum funding of $30,180.00,** or until notice by the Trustee that the debtors' plan has been completed or until further order of this Court, and it is further,

    **ORDERED, THAT THE DEBTOR(S) SHALL SUBMIT TO THE TRUSTEE, AT THE TIME OF FILING WITH THE TAX AUTHORITY, COPIES OF FEDERAL AND STATE TAX RETURNS FILED DURING THE PENDENCY OF THIS CASE**, and it is further,

    ORDERED, that notwithstanding 11 USC §1327(b), until the plan has been completed and the court has entered a discharge order, confirmation of the plan shall not vest the property of the estate in the debtor(s), and it is further,

    ORDERED, that notwithstanding 11 USC §1327(c), if a timely proof of claim has not been filed for a claim, the property vesting in the debtors under 11 USC §1327(b) shall remain subject to any lien securing the claim except to the extent that the claim would not be an allowed secured claim under 11 USC §506(a) and the claim is discharged under 11 USC §1328, and it is further,

    ORDERED, that no party in interest having sought to bar confirmation of the debtors' plan by invoking §521(i)(1), and it appearing that the debtors complied with the requirements of §521(a)(1), it is,

    ORDERED, that this case is not subject to automatic dismissal under §521(i)(1), and the debtors are not required to file any further document pursuant to §521(a)(1)(B) to avoid automatic dismissal of this case, without prejudice to the right of any party in interest to request by motion that the debtors be ordered to file further information described in §521(a)(1)(B), and without prejudice to the trustee's right to obtain any information from the debtors by authorized means, and it is further,

    ORDERED, that notwithstanding any provision of the Plan to the contrary, the Trustee's percentage fee shall be fixed and governed by 28 U.S.C. §586(e) and any Order of the Attorney General of the United States, and it is further,

    ORDERED, that the debtors shall notify the Trustee and this Court in writing of any change in address and/or employment/income source within ten (10) days of the change.

cc:    Jonathan I. & Alanna D. Swiatkowski
       241 17th Street SE
       Washington, DC 20003

       Christopher R. Wampler
       11300 Rockville Pike #1015
       Rockville, MD 20852

       Cynthia A. Niklas
       Chapter 13 Trustee
       4545 42nd ST NW #211
       Washington, DC 20016-4623