The document below is hereby signed.

Signed: September 28, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
JONATHAN I. SWIATKOWSKI and  )    Case No. 09-00168
ALANNA D. SWIATKOWSKI,       )    (Chapter 13)
                             )    **Not for Publication in**
            Debtors.         )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE DEBTORS' MOTION
FOR VALUATION OF SECURITY AND TO AVOID SECURED CLAIM

The debtors have filed a motion for valuation of security
and to avoid secured claim, by which the debtors seek a
determination that, pursuant to 11 U.S.C. § 506 and Fed. R.
Bankr. P. 3012, Wachovia Bank NA, and/or Specialized Loan
Servicing, LLC ("Wachovia") has an unsecured claim in the amount
of $68,322.87 and that Wachovia's alleged second trust lien on
debtor's residential real property will be avoided upon
completion of debtor's chapter 13 plan. Although the court can
determine the value of the debtor's real property under 11 U.S.C.
§ 506 pursuant to a Rule 3012 motion, in order to establish that
Wachovia's lien is subject to strip off, the court must also
determine the value and relative priority of the Lehman Brothers'
lien vis-à-vis Wachovia's lien, an adjudication that must be

sought by way of an adversary proceeding.  Accordingly, the court
will deny the motion without prejudice to the debtors' filing of
an adversary proceeding to determine the value and relative
priority of other liens attaching to the property.

By their motion, the debtors seek to "strip off" Wachovia's
lien.[1]  The debtors contend that Wachovia's claim is wholly
unsecured because Lehman Brothers holds a first deed of trust
subject to a payoff balance of $365,319.00, an amount that
exceeds the alleged $360,000.00 value of the property.  As such,
the debtors contend that there is no remaining equity in the
property to secure Wachovia's junior lien, which in turn means
that the debtor is entitled to strip Wachovia's lien and treat
Wachovia's claim as a general unsecured claim.

Courts are in general agreement that § 1322(b)(2) does not
bar a chapter 13 debtor from stripping off a wholly unsecured
lien on the debtor's residential real property.  See *In re Mann*,
249 B.R. 831, 833-35, 840 (B.A.P. 1st Cir. 2000) (discussing
*Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993), and agreeing

---

[1]  As explained in *In re Mann*, 249 B.R. 831, 832 n.1 (B.A.P.
1st Cir. 2000), "[t]he term 'strip off' is colloquially used
when, there being no collateral value for a mortgage, the entire
lien is proposed to be avoided.  The term 'strip down' is used
when, there being insufficient collateral value for a mortgage,
the lien is proposed to be reduced to the value of the
collateral.  *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 37
n.2 (9th Cir. B.A.P. 1997), *appeal dismissed*, 192 F.3d 1309 (9th
Cir. 1999); *In re Woodhouse*, 172 B.R. 1, 1 n.1 Bankr. D.R.I.
1994).  Neither term is found in the Bankruptcy Code."

2

with the Third and Fifth Circuit Courts of Appeals, the Ninth
Circuit Bankruptcy Appellate Panel, and several bankruptcy and
district courts making up the majority view at that time, that,
notwithstanding the Court's holding in *Nobelman*, chapter 13
debtors may avoid wholly unsecured liens on residential real
property); *Waters v. The Money Store (In re Waters)*, 276 B.R. 879
(Bankr. N.D. Ill. 2002); *Scott v. Countrywide Home Loans (In re
Scott)*, 376 B.R. 285, 291 (Bankr. D. Idaho 2007); *McDonald v.
Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000);
*Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d
277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (B.A.P. 9th Cir.
1997).  There remains some disagreement, however, surrounding the
procedural requirements for achieving this result.  Some courts
hold that a debtor seeking to void a lien based *solely* on the
lack of equity in the subject property is not required to file an
adversary proceeding because such a proceeding is not one to
"determine the validity, priority, or extent of a lien or other
interest in property . . . ."  *See In re King*, 290 B.R. 641, 648
(Bankr. C.D. Ill. 2003) (voiding of a lien for lack of collateral
value pursuant to § 506 is outside the scope of Rule 7001(2) if
the debtor is not challenging the existence or legitimacy of the
lien, and there is no dispute as to relative priorities).
Likewise, many courts permit the debtor to seek strip off through
the chapter 13 plan confirmation process, *see In re King*, 290

B.R. 641 (Bankr. C.D. Ill. 2003) (strip off through chapter 13
plan confirmation process permissible provided that the plan
includes specific terms that give adequate notice of the proposed
strip off); *In re Scott*, 376 B.R. at 291, citing *In re
Millspaugh*, 302 B.R. 90 (Bankr. D. Idaho 2003) (lien can be
stripped through plan confirmation process and an adversary
proceeding is not required), although some courts reject this
approach as lacking adequate due process protection for
potentially affected creditors.  *Stewart v. JP Morgan Chase Bank
(In re Stewart)*, 408 B.R. 215 (Bankr. N.D. Ind. 2009); *In re
Forrest*, 2009 WL 2971081 (Bankr. N.D. Ill. Sept. 16, 2009).

In the instant case, Wachovia has not responded to the
debtors' motion and has taken no position with respect to the
amount and relative priority of Lehman Brothers' alleged first
priority lien.  Absent a stipulation from Wachovia in that
regard, however, the court cannot find that the debtors are
entitled to strip off Wachovia's lien without first making a
determination as to the amount and relative priority of the
Lehman Brothers lien.  Such a finding goes beyond mere valuation
of the collateral and renders this a proceeding to "determine the
validity, priority, or extent of a lien or other interest in
property . . . ."  Although Wachovia has not responded to the
motion, and we are thus uncertain whether Wachovia intends to
challenge the debtors' representations regarding the Lehman

4

Brothers lien, the debtors ought not be permitted to obtain a determination of the amount and relative priority of liens by default in the main case when the adjudication of such an issue ordinarily requires the filing of an adversary proceeding.  It is thus

ORDERED that the debtor's motion is DENIED without prejudice to the filing of an adversary proceeding.

[Signed and dated above.]

Copies to: Debtors; Debtor's attorney; Chapter 13 Trustee.